# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2632

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Lamons

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 7, 2018
Filed: March 21, 2018
[Unpublished]

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Adam Lamons, who was found incompetent to proceed with a hearing on a charged violation of supervised release conditions, appeals from the civil commitment

order of the District Court.[1] Under 18 U.S.C. § 4246, a person in federal custody but due for release may nevertheless be hospitalized if the court, after a hearing, finds by clear and convincing evidence that the prisoner is suffering from a mental disease or defect such that his release would be dangerous to the public. United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002). Lamons is presently confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri (MCFP). On appeal from the order of commitment, he challenges the sufficiency of the evidence justifying his continued hospitalization.

We have reviewed the District Court's factual determinations underlying the commitment decision for clear error, and we affirm. See id. (standard of review). The court's order is supported by the unanimous opinions of mental health staff at MCFP and defense counsel's independent psychological examiner. Those mental health professionals reported that Lamons was suffering from a serious mental illness with ongoing symptoms of psychosis and met the criteria for § 4246 commitment. They indicated, in part, that Lamons was experiencing symptoms of psychosis related to his mental illness and was unable to function on an unlocked housing unit; that he had a history of noncompliance or sporadic compliance with treatment, of misperceiving situations and responding with violence or aggression, of possessing weapons, and of using illicit substances; and that he had recently demonstrated aggressive and threatening behavior. See, e.g., United States v. Ecker, 30 F.3d 966, 970 (8th Cir.) (noting one doctor's testimony of "major factors in determining potential dangerousness"), cert. denied, 513 U.S. 1064 (1994).

The Attorney General must continue efforts to place Lamons in a suitable state facility and prepare annual reports concerning his condition and the need for

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

continued commitment.  See 18 U.S.C. § 4246(d).  In light of an updated report filed in the District Court indicating that as of August 2017, Lamons had shown progress in achieving stability, we trust that the government will act promptly to facilitate proceedings as warranted.  See id. § 4247(e).

We affirm the judgment and grant counsel's motion to withdraw.

_____